Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Proposed Attorneys for the Debtor

Isaac M. Gabriel (#021780)
isaac.gabriel@quarles.com
Jason D. Curry (#026511)
jason.curry@quarles.com
Michael Galen (#035044)
michael.galen@quarles.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>REDWOOD EMPIRE LODGING, LP,<br><br><br>Debtor. | In Proceedings Under Chapter 11<br><br>Case No. 3:21-bk-04678<br><br>**DECLARATION OF DEBRA HECKERT IN SUPPORT OF FIRST DAY MOTIONS** |

1.      I am over the age of 21 years old and have personal knowledge of the matters stated herein.

2.      I submit this Declaration in connection with the Chapter 11 bankruptcy case filed by Redwood Empire Lodging, LP, a California limited partnership (the "**Debtor**").

3.      The Debtor owns and operates two hotels—the Best Western Plus located at 208 N Lake Powell Boulevard, Page, Arizona 86040 (the "**Page Hotel**"), and the Best Western Sonoma Winegrower's Inn, located at 6500 Redwood Drive Rohnert Park, California 94928 (the "**Rohnert Park Hotel**" and, together with the Page Hotel, the "**Hotels**").

4. The Debtor's general partner is Redwood Empire Lodging, LLC. I am a limited partner in the Debtor, along with Laurence Kluck, Christopher Heckert, the Gary Wyatt Trust, and the Estate of Robert A. Dunaway. I am the manager of the Debtor's general partner and the Debtor, through all of its partners, has authorized me to make this Declaration and take all necessary actions related to the above-captioned bankruptcy case (the "**Bankruptcy Case**").

5. Under my supervision, a professional third-party management company, OLS Hotels & Resorts, LLC, dba Springboard Hospitality ("**Springboard**"), performs the day-to-day operations of the Hotels pursuant to two Management Services Agreements between the Debtor and Springboard (the "**Management Agreements**").

6. Pursuant to the Management Agreements, Springboard receives a base management fee of three percent (3%) of each of the Hotels' gross revenues, with a minimum of $3,000 per month. The management fee charged by Springboard is at the low end of industry standards, which is typically 3-6%. Springboard also employs the general manager and assistant manager at the Rohnert Park Hotel, and the Debtor reimburses Springboard for their salaries pursuant to the Management Agreements.

7. The Debtor maintains books and records as part of its regular business practice relating to its Hotel operations through its outside accounting firm, Wyatt, Wyatt Whitchurch & Anderson. The Debtor's business records are made by a person with knowledge of the relevant facts contained in such records, or made from information transmitted by a person with knowledge of the relevant facts contained in such records. The Debtor's business records are made at or near the time of the acts, events, or transactions that are the subject of such records.

8. I have access to and have reviewed the Debtor's business records relating to the matters referenced in this Declaration. Accordingly, I have personal knowledge relating to these matters.

- 2 -

**The Hotels**

9.     I have been in the hotel business since 2002.  During that time, I have developed, owned, and managed four (4) hotels, in addition to the Page Hotel and the Rohnert Park Hotel.

10.     The Debtor acquired the Page Hotel in November 2019 for approximately $21 million. The Debtor operates the Page Hotel under a franchise agreement with Best Western International, Inc. ("**Franchisor**").

11.     The Debtor acquired the Rohnert Park Hotel in August 2019 for approximately $20 million and also operates the Rohnert Park Hotel under a franchise agreement with Franchisor.

**The Debtor's Operations**

12.     The Page Hotel is located minutes from Lake Powell and Glen Canyon, and the Rohnert Park Hotel is located in one of California's most popular wine regions. As a result of the Hotels' close proximity to these major travel destinations, each of the Hotels has historically performed well and had solid revenues.

13.     During the due-diligence review prior to purchasing the Hotels, the seller presented financials that asserted that the Hotels each generated between $4.5 million and $5 million in annual gross revenue.  The respective purchase prices of the Hotels were based on these historical revenues.

14.     However, the Hotels' revenues are impacted by tourism and travel, and the majority of the Hotels' revenues are earned in the warmer months from April/May through October each year.  Even in good years, the Hotels' revenues decreased substantially in the winter months.

15.     In early-to-mid-March 2020, the COVID-19 pandemic hit the United States, resulting in a nearly complete shutdown of the travel and hospitality industry in Arizona and California (and across the United States and world).

Case 3:21-bk-04678-EPB    Doc 6    Filed 06/16/21    Entered 06/16/21 12:48:47    Desc
QB\175511.00001\68394396.5    Main Document    Page 3 of 30

- 3 -

16.     The occupancy rate for each of the Hotels plummeted in March 2020 and continues to be far below the pre-COVID occupancy rate.

17.     As a result, the Hotels' annual revenue dropped to an aggregate of approximately $3.1 million in 2020, despite the fact that January and February 2020 were essentially normal months. The Debtor ended 2020 with a negative net income of approximately $1.6 million.

18.     As stated above, the Debtor's business has traditionally been buoyed by travel to the destinations in close proximity to the Hotels. International tourism makes up a large percentage of the travel to these destinations, with one estimate suggesting that approximately 45% of the visitors to Page, Arizona (and the surrounding areas) travel from abroad. Although U.S. COVID restrictions in some parts of the United States are beginning to ease, international tourism is still virtually non-existent to these areas and is not expected to increase significantly in the summer of 2021 or, very possibly, for years to come.

19.     In addition, the Navajo Nation has been significantly impacted by the pandemic and has been slower to become vaccinated.  Many of the surrounding attractions for the Page Hotel are on Navajo Nation property, including the main boat ramp to Lake Powell and the entrances to Antelope Canyon and Horseshoe Bend attractions.  These areas have been closed by the Navajo Nation and have not been re-opened as of the filing of this Bankruptcy Case.

20.     These factors have had a significant negative effect on the Debtor's income, and on the value of Hotels generally. For example, based on historical revenue reported to the Debtor, in a typical May, each of the Hotels could expect to have gross revenue of approximately $500,000 - $600,000.  However, in May 2021, the Page Hotel had gross revenue of approximately $165,000, while the Rohnert Park Hotel had gross revenue of approximately $262,000.

21.     The Debtor maintains 16 full time and part time staff members to work at the

Page Hotel, and 23 full time and part time staff members to work at the Rohnert Park Hotel (plus two additional staff members at the Rohnert Park Hotel who are employed by Springboard).

22.     In addition to offering hotel rooms to the public, each of the Hotels has a cleaning department, a hot tub and swimming pool, a fitness center, and high-speed internet.

23.     Although both Hotels typically provide guests with complimentary hot breakfast, the Debtor has not been providing this service due to the COVID pandemic and related restrictions.

## The Debtor's Primary Secured Loans

### Pacific Premier Bank

24.     Pacific Premier Bank ("**Pacific Premier**") asserts that the Debtor is obligated to it on two secured loans (the "**Pacific Premier Loans**"), each in the original principal amount of $7,649,000.00 (aggregate of approximately $15.3 million). Separate promissory notes, security agreements, and deeds of trust, each dated on or about November 13, 2019, allegedly evidence and secure the Pacific Premier Loans.

25.     Pacific Premier may assert liens and security interests in all of the Debtor's real and personal property associated with the Page Hotel, including items that may constitute "cash collateral."  However, Pacific Premier does not have a deposit account control agreement with respect to the Debtor's deposit accounts.

26.     Under the Pacific Premier loan documents, Pacific Premier may assert that the Debtor owes monthly payments of principal and interest in the aggregate amount of approximately $99,000 for the Pacific Premier Loans.  Upon information and belief, Pacific Premier asserts that the Debtor currently owes Pacific Premier approximately $16,830,000 inclusive of accrued and deferred interest.

### Poppy Bank

27.     Poppy Bank ("**Poppy**") asserts that the Debtor is obligated to it on two

secured loans (the "**Poppy Loans**") in the original principal amounts of $12,270,000.00 and $1,250,000.00, respectively. A note, deed of trust, and security agreement allegedly evidence and secure each of the Poppy Loans.

28. Poppy may assert liens and security interests in all of the Debtor's real property associated with the Rohnert Park Hotel, including items that may constitute "cash collateral." While the Debtor is still reviewing the issue, the Debtor may dispute Poppy's interests in, among other things, the Debtor's cash collateral, as Poppy's security documents do not grant it an interest in the Debtor's deposit accounts, and Poppy does not have a deposit account control agreement relating to the Debtor's deposit accounts.

29. Under the Poppy loan documents, Poppy may assert that the Debtor owes monthly payments of principal and interest in the aggregate amount of approximately $84,000. Upon information and belief, Poppy asserts that the Debtor owes Poppy approximately $15,000,000, inclusive of deferred interest.

### S&K Inns of America Inc.

30. S&K Inns of America Inc. ("**S&K**") asserts that the Debtor is obligated to it on a secured loan (the "**S&K Loan**") in the original principal amount of $1,500,000.00. A note and deed of trust allegedly evidence and secure the S&K Loan.

31. S&K may assert third position liens (behind both Poppy liens) in the Rohnert Park Hotel, including items that may constitute "cash collateral."

32. Under the S&K loan documents, S&K may assert that the Debtor owes monthly payments of principal and interest in the amount of approximately $8,437. Upon information and belief, S&K asserts that the Debtor owes S&K approximately $1,500,000.

### First Day Motions

### Cash Collateral Motion

33. In order to operate the Hotels, the Debtor has numerous recurring critical expenses. These expenses include payroll, utilities, linens, cleaning services, franchise fees,

bank/credit card fees, food, inventory, and other items and services.

34.     Accordingly, the Debtor is filing a first day motion requesting authorization to use cash collateral to pay these necessary, ordinary course operating expenses for an initial 11-week period. I have reviewed the motion, and the factual statements set forth therein are true and correct to the best of my knowledge, information, and belief.

35.     Attached to the motion for use of cash collateral is the 11-week budget that includes the operating expenses for both Hotels (the "**Interim Budget**"). Cash collateral, accounts receivable, and inventory will continue to be replaced through the booking and completion of reservations at the Hotels, sale of incidentals to Hotel guests, and the repurchase of inventory.

36.     If the Debtor is not permitted to pay these critical expenses, the Debtor will not be able to operate and will have to close the Hotels. Under that scenario, the Debtor would be in default under its franchise agreements and Franchisor could terminate those agreements, making the Hotels "unflagged." Moreover, the Debtor's assets would have a significantly reduced value on a liquidation basis versus on a going-concern basis. It is a virtual certainty that in a liquidation, the only creditors that would receive any distribution would be some of the Debtor's secured creditors, and payment in full even to those creditors is unlikely under that scenario.

37.     Conversely, as going concerns, the Hotels have significantly higher value and can generate cash to pay creditors, particularly in the long term. Accordingly, I believe it is in the best interests of the Debtor's creditors to allow the use of cash collateral to support the going concern operations and that the proposed cash collateral terms will adequately protect the creditors that assert a security interest in the Debtor's cash.

38.     For example, the Debtor proposes granting replacement liens to the same extent and priority as the secured creditors' alleged prepetition liens. The replacement liens will protect each of the creditors asserting a security interest to the extent of any diminution

in value of their cash collateral.

39.     As shown in the Interim Budget, the Debtor has developed a cash forecast for the next 11 weeks.  I believe the Debtor can pay all of its operating expenses, including employee wages and expenses, and accrue necessary cash during the 11-week period using the current Cash Management Process (described below).

*Cash Management System and Existing Accounts*

40.     In the ordinary course of its business, the Debtor maintains a cash management system to fund its operations and manage its cash flow (the "**Cash Management System**"). Using the Cash Management System, the Debtor is able to efficiently collect funds generated by its operations and distribute the funds, as necessary, to pay its obligations.

41.     Accordingly, the Debtor is filing a first day motion requesting authorization to continue using its Cash Management System for a period of 30 days. I have reviewed the motion, and the factual statements set forth therein are true and correct to the best of my knowledge, information, and belief.

42.     The Debtor maintains and controls the Cash Management System, but Springboard has limited and supervised access to the accounts to make deposits.

43.     The Debtor maintains separate accounts for each of the Hotels. The Debtor also maintains a savings account that is not attributed to either Hotel but is used for other purposes, including deposit of PPP loan proceeds and EIDL loan proceeds. The Debtor does not believe the savings account holds any "cash collateral."

44.     Collectively, the Debtor's cash management system will be operated from three (3) FDIC-insured bank accounts—two checking accounts (one for each Hotel) (the "**Operating Accounts**"), and the aforementioned separate savings account serving as an reserve account for both Hotels (the "**Savings Account**" and, together with the Operating Accounts, the "**Accounts**").

45.     Both Hotels historically maintained their Operating Accounts at Bank of the West. Prepetition, the Debtor opened a new account at National Bank of Arizona to serve as the Page Hotel's Operating Account (and ultimately the Page DIP account), and the Debtor is in the process of transferring its credit card processing for the Page Hotel to that account. Similarly, the Debtor is in the process of opening an account at U.S. Bank, N.A. to serve as the Rohnert Park Hotel's Operating Account (and ultimately DIP account), and will transfer its credit card processing for the Rohnert Park Hotel to that account. As soon as the transfers of credit card processing information are complete, the Debtor will close the Bank of the West accounts, and the new accounts (at National Bank of Arizona and U.S. Bank) will serve as the sole Operating Accounts for the Hotels. Both Operating Accounts will be converted or opened as "debtor in possession" accounts after the Petition Date.

46.     The Savings Account is maintained at Savings Bank of Mendocino County, which is not an authorized depository institution. The Debtor is in the process of closing the Savings Account at Savings Bank of Mendocino County and opening a new savings account at U.S. Bank. The Debtor will transfer all funds in the current Savings Account to the new U.S. Bank Savings Account.

47.     A list of the Accounts, including the last four digits of each Account number, is attached as Schedule 1 to the Cash Collateral Motion.

48.     Each Hotel receives revenue from the booking of reservations, as well as from the sale of incidentals to Hotel customers.  While a few customers pay in cash, the vast majority pay with debit and credit cards.

49.     The revenues and expenditures related to day-to-day operations flow through the Operating Accounts for each Hotel. Each Hotel uses its Operating Account as a deposit Account for credit card deposits and other receipts, as well as to pay all of its operating expenses. The Debtor works with credit card processors who electronically deposit Hotel guests' payments (less their processing fees) into the Operating Accounts each business day

(the "**Credit Card Processing System**").[1]  Similarly, bookings made through Best Western Hotels & Resorts' ("**Franchisor**") booking system are automatically deposited into the Operating Accounts. The Debtor pays its expenses from the Operating Accounts and records the transactions in its books and records. The Savings Account has been historically used for non-monthly expenses such as taxes, capital improvements, non-routine Hotel maintenance, etc.

50. The Credit Card Processing System is integral to the Debtor's business because the Debtor's principal source of income—rents for Hotel stays—is almost solely derived from debit and credit card transactions.  Maintaining the integrity of the Credit Card Processing System postpetition and without interruption is essential to avoid disrupting the revenue the Debtor receives.

51. The Debtor uses the revenues in each Hotel's Operating Account to, among other things, (a) fund payroll for the Debtor's employees, (b) pay for repair and routine maintenance of the Hotels, (c) make payments to the Debtor's food, beverage, and other suppliers and unsecured creditors, (d) make debt service payments, as applicable, (e) pay premiums for the Debtor's insurance policies, (f) pay for the Debtor's ordinary vendors, and (g) pay for the Debtor's marketing expenses.

52. The Debtor also makes periodic transfers from its Savings Account into the Operating Accounts for the Hotels to meet the Debtor's cash flow requirements.

53. The Debtor will convert its current Accounts to debtor in possession accounts, or, if such conversion is not possible, shift all of the funds held in the Operating Accounts to two new Accounts for each Hotel with an authorized depository under the guidelines promulgated by the Office of the United States Trustee for Region 14.  However, because

---

[1] The deposits from credit card processors are typically on a 2-3 business day "delay." For instance, credit card receivables generated on a Monday would not be deposited until Wednesday or Thursday of that week.  Tuesday's credit card receivables would not be deposited until Thursday or Friday of that week. And so on.

the credit card processors, as well as the Franchisor, deposit substantially all of the Debtor's revenues into the legacy Operating Accounts at Bank of the West, it will take some time to convert the Accounts to debtor in possession accounts, or to shift the Accounts to an authorized depository and get the credit card processors to transfer their deposits to the new Operating Accounts..

### *Employee Wages and Benefits*

54.     The Hotels maintain approximately 39 full and part-time staff members: 16 full-time and part-time staff members working at the Page Hotel, and 23 full-time and part-time staff members working at the Rohnert Park Hotel. Each of these individuals is an employee of the Debtor, and not an employee of Springboard.[2]

55.     Because the Debtor requires the assistance and loyalty of its personnel to successfully reorganize in this Bankruptcy Case, the Debtor seeks authority to pay 9 days of prepetition wages, and honor prepetition accrued benefits, for each of the day-to-day operations staff members working at the Hotels.  These are the staff members who, among other things, work the Hotels' front desks and provide cleaning and maintenance services for the Hotels (including the guest rooms), and provide other general hotel services. In addition, there are a few paychecks of employees from the last regular payroll which have not cleared the Debtor's bank accounts and which the Debtor believes should be honored. Those checks add up to approximately $5,000 total.

56.     Each of the staff members is necessary for the Debtor to continue its day-to-day business of successfully operating the Hotels.  I draw a small salary of $1,250 per

---

[2]     The general manager and the assistant manager at the Rohnert Park Hotel are employed by Springboard rather than by the Debtor. Under the management agreement between the Debtor and Springboard, the Debtor reimburses Springboard for their salaries. Those two individuals are not included in the 39 employees whose wages are the subject of this Motion.

month.[3]  Other than my salary, the Debtor does not seek to pay prepetition wages to any "insiders" of the Debtor.

57.  The aggregate of all wages owed to all of the staff is approximately $36,948 (including the uncashed payroll checks), plus accompanying payroll taxes and federal withholdings incurred in the ordinary course of payroll, for work completed on the nine (9) days immediately preceding the bankruptcy filing. Additionally, as of the Petition Date, the Debtor's employees were entitled to various benefits, including health insurance contributions, unused vacation time, and unused sick time.

58.  If the Debtor is not permitted to meet all such obligations in the ordinary course of business, the Hotels may lose the staff necessary to operate to the detriment of all parties in interest in this Bankruptcy Case. Any loss of staff will substantially and adversely impact the Debtor's ability to continue operating the Hotels, and will result in immediate and irreparable harm to the Debtor's estate.

59.  I have reviewed the motion to pay prepetition wages and honor prepetition benefits, and the factual statements set forth therein are true and correct to the best of my knowledge, information, and belief.

## **The Debtor's Reorganization Goal**

60.  Notwithstanding the recent pandemic-induced contraction, the Best Western brand is strong and the Hotels are in good locations, supported by major tourist attractions. The goal of this Bankruptcy Case is to create payment relief to allow the Debtor to reorganize in light of the significant loss in revenue that it is currently experiencing and likely will experience in the near term.  A successful reorganization will allow the Debtor

---

[3]  I provide the following services for the Debtor: (i) daily communication with management company and general managers for both Hotels, (ii) review and approve any proposed non-ordinary expenses to be paid for the operation of the Hotels, (iii) review and advise regarding any maintenance and capital expenditure bids before proceeding with same, (iv) assist with managing cash flow and payment of general expenses of Hotels, (v) bid, review and obtain all insurance policies for the Hotels, and (vi) assist the management company and approve hiring, firing, and wage increase decisions.

to recover from the effects of COVID-19, even if the effects of the pandemic last for another 12-24 months or longer (as many experts predict), and will put the Debtor in a strong position to generate sufficient cash flow to emerge from Chapter 11 and treat its creditors in a fair and equitable manner.

I hereby declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

/s/ Debra Heckert
DEBRA HECKERT

1    COPIES of the foregoing sent via
     first-class mail this 16th day of
2    June 2021, to all parties on the
     Court's Creditor Matrix attached
3    hereto.

4
     /s/ Sybil Taylor Aytch
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OFFICE OF THE U.S. TRUSTEE
230 N. FIRST AVE., SUITE 204
PHOENIX, AZ 85003


ARIZONA DEPT. OF REVENUE
1600 WEST MONROE, 7TH FLOOR
PHOENIX, AZ  85007


ARIZONA DEPT. OF ECONOMIC
SECURITY
PO BOX 6028 911B
PHOENIX, AZ  85005


ARIZONA DEPT. OF ECONOMIC
SECURITY
UNEMPLOYMENT TAX
P.O. BOX 52027 - MAIL DROP 5881
PHOENIX, AZ 85072-2027


INTERNAL REVENUE SERVICE
4041 N CENTRAL AVENUE
BUILDING A
PHOENIX, AZ  85012


INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346


SECURITIES & EXCHANGE COMM.
5670 WILSHIRE BOULEVARD
11TH FLOOR
LOS ANGELES, CA  90036


1180 AIRPORT PARK BLVD LLC
390 E. GOBBI STREET
UKIAH, CA 95482


A1 AMERICAN GROUP
12386 OSBORNE PLACE
PACOIMA, CA 91331


AAA
1000 AAA DRIVE
HEATHROW, FL 32746-5063

AETNA LIFE INSURANCE
P.O. BOX 31001-1408
PASADENA, CA 91110-1408


ALE SOLUTIONS INC ALE SOLUTIONS INC.
ONE W ILLINOIS ST, STE 300 ST
CHARLES, IL 60174


ALLIANT GAS / PINNACLE PROPANE
P.O. BOX 3025
PAGE, AZ 86040


ALTAMIRANO APPLIANCE REPAIR
122 FIESTA LN
ROHNERT PARK, CA 94928


ALVAREZ, KENDY C.
1400 TECHNOLOGY LN #216
PETALUMA, CA 94954


AMERICAN QUICK FOODS INC.
DBA QUICKCAKES
P.O. BOX 7188
OVERLAND PARK, KS 66207


AMEZQUITA, CINDY
12322 JACKY DR.
SANTA ROSA, CA 95405


ARIZONA BOILER INSPECTORS
2721 E BEECHNUT PLACE
CHANDLER, AZ 85249


AT&T
P.O. BOX 105068
ATLANTA, GA 30348-5063


AUTOCLERK INC.
P.O. BOX 398840
SAN FRANCISCO, CA 94139-8840


BEDONIE, BERNITA
PO BOX 1902
KAIBETO, AZ 86053

BENALLY, BERNIQUE
P.O. BOX 2700
PAGE AZ 86040


BENALLY, KIARRA MAE
P.O. BOX 3704
KAYENTA, AZ 86033


BESTCOMM NETWORKS INC.
6601 E GRANT, SUITE 201
TUCSON, AZ 85715


BEST WESTERN INTERNATIONAL
P.O. BOX 842700
LOS ANGELES, CA 90084-2700


BOSTON'S ACE HARDWARE
P.O. BOX 1686
PAGE, AZ 86040


BRINSLEY, MICHAEL
1759 GINGERSNAP LANE
LINCOLN, CA 95648


BRODERICK GENERAL ENGINEERING
21750 8TH ST, STE B
SONOMA, CA 95476


BUILTWELL CONSTRUCTION
ATTN: LUIS ESTRADA
1421 TAHOE ST
MERCED, CA 95348


BW SUPPLY US
6201 N. 24TH PARKWAY
PHOENIX, AZ 85016


CALIFORNIA CHAMBER OF
COMMERCE
P.O. BOX 398342
SAN FRANCISCO, CA 94139-8342


CALIFORNIA DEPT. OF TAX
AND FEE ADMINISTRATION

P.O. BOX 942879
SACRAMENTO, CA 94279


CALIFORNIA TRAVEL &
TOURISM COMMISSION
555 CAPITOL MALL, STE 465
SACRAMENTO, CA 95814


CANARY TECHNOLOGIES CORP.
3436 CLAY ST, STE 5
SAN FRANCISCO, CA 94118


CARBON'S GOLDEN MALTED
P.O. BOX 129
CONCORDVILLE, PA 19331-0128


CENTURY LINK
P.O. BOX 52187
PHOENIX, AZ 85072-2187


CEJA, LUZ
2002 PINECREST DR.  #131
SANTA ROSA, CA 95403


CERVANTES, ALMADELIA
3880 STONY POINT RD.
SAMTA ROSE, CA 95407


CHANDLER HOTELS, INC.
7502 E PINNACLE PEAK RD, B116
SCOTTSDALE, AZ 85255


CHASE CARDMEMBER SERVICES
P.O. BOX 6294
CAROL STREAM, IL 60197-6294


CHAVEZ, ALEJANDRO
2963 SANT ROSA AVE. #C-1
SANTA ROSA, CA 95407


CHIEF, JOHNADRIKA
P.O. BOX 1603
KAIBETO, AZ 86053

CHORUM, JONAS
7600 N 15TH ST, STE 250
PHOENIX, AZ 85020


CIG
P.O. BOX 2093
MONTEREY, CA 93942


CINTAS
5600 W. 73RD STREET
CHICAGO, IL 60638


CITY OF ROHMERT PARK
BUSINESS LICENSE TAX DIVISION
130 AVRAM AVENUE
ROHNERT PARK, CA 94928-3126


CITY OF UKIAH
ATTN: ACCTS RECEIVABLE
P.O. BOX 2860
UKIAH, CA 95482-5400


CLARK, MARILYN
P.O. BOX 4554
PAGE, AZ 86040


CLARK PEST CONTROL INC.
P.O. BOX 1480
LODI, CA 95241-1480


CLIMATE CONTROL RESOURCES LLC
P.O. BOX 10073
PRESCOTT, AZ 86304


COCONINO COUNTY TREASURER
110 E CHERRY AVE
FLAGSTAFF, AZ 86001-4627


COMCAST
ACCT #903142589
P.O. BOX 37601
PHILADELPHIA, PA 19101-0601


COMCAST

BUSINESS ACCT #8155 30 037 0482275
P.O. BOX 60533
CITY OF INDUSTRY, CA 91716-0533

COMISH POWELL & ARMUS CPAS
P.O. BOX 340
71 7TH AVE
PAGE, AZ 86040

COMMTRAK
17493 NASSAU COMMONS
LEWES, DE 19958

COMP AND SAVE
33268 CENTRAL AVE
UNION CITY, CA 94587

COTA, VERONICA
154 BUTTERFLY LN #336
SAMTA ROSA, CA 95407

COURTESY PRODUCTS
P.O. BOX 840020
KANSAS CITY, MO 64184-0020

CRANK, JANLEE
P.O. BOX 10085
TONALEA, AZ 86044

CRUZ, CONSUELO S.
4235 MILES AVE
SANTA ROSA, CA 95407

CSI NETWORKS
P.O. BOX 363
PROVO, UT 84317

CTOUR HOLIDAY LLC
ATTN: ACCOUNTS RECEIVABLE
222 E HUNTINGTON DR., STE 105
MONROVIA, CA 91016

CURLEY, DAVIN
P.O. BOX 1943

KAIBETO, AZ 86053


DAYZIE, DESIREE
P.O. BOX 3261
PAGE, AZ 86040


DESERT FOOTHILLS ACCOUNTING
& TAX LLC
P.O. BOX 340
PAGE, AZ 86040


DIRECTV
P.O. BOX 5093
CAROL STREAM, IL 60197-5093


DODSON, LESTER
P.O. BOX 995
TONALEA, AZ 86044


DORMAKABA
400 JEFFREYS ROAD
ROCKY MOUNT, NC 27804


ECOLAB
P.O. BOX 100512
PASADENA, CA 91189


ECOLAB FOOD SAFETY
24198 NETWORK PLACE
CHICAGO, IL 60673-1241


ECOLAB PEST ELIMINATION
26252 NETWORK PLACE
CHICAGO, IL 60673-1262


ECHEMENDIA, MARYANN
2705 RANGE AVE
SANTA ROSE, CA 95403


EXPEDIA
TRAVELSCAPE LLC
P.O. BOX 847677
DALLAS, TX 75284-7677

FARMER BROTHERS
470 E. TODD RD
SANTA ROSA, CA 95407


FERREYRA, MARTHA
110 FIESTA LN
ROHNERT, CA 94928


FIRE SAFETY SUPPLY INC.
468 YOLANDA AVE, STE 201
SANTA ROSA, CA 95404


FOOD EQUIPMENT REPAIR SVC
465 KENWOOD COURT, SUITE C
SANTA ROSA, CA 95407


FORTIS PAY
43155 MAIN ST STE 2310C
NOVI, MI 48375


GALLEGOS, GUADALUPE
1222 JACKY DR.
SANTA ROSA, CA 95401


GARCIA, MICAELA
2540 BIRCH MEADOW ST UNIT A
SANTA ROSA, CA 95407


GRAND CANYON STATE LOGO SIGNS
P.O. BOX 29034
PHOENIX, AZ 85038-9034


GUEST SUPPLY
P.O BOX 6771
SOMERSET, NJ 08875-6771


GUZMAN, JORGE
2963 SANTA ROSA AVE #C-1
SANTA ROSA, CA 95407


HD SUPPLY
2754 W. WINTON AVE
HAYWARD, CA 94545

HD SUPPLY
P.O. BOX 509058
SAN DIEGO, CA 92150-9058


HERNANDEZ, NANCI
431 SONOMA LANE
ROHNERT PARK, CA 94928


HITMEN
600 E. TODD RD
SANTA ROSA, CA 95407


HOME DEPOT PRO
P.O. BOX 2317
JACKSONVILLE, FL 32203-2317


HOTEL WEB STRATEGIES LLC
120 E FM 544 STE 72 PMB 323
MURPHY, TX 75094


IN THE SWIM
320 INDUSTRIAL DR.
WEST CHICAGO, IL 60185


INTERSTATE FIRE PROTECTION
P.O. BOX 486
PAGE, AZ 86040


JMAC SUPPLY
5 TERMINAL RD
WEST HEMPSTEAD, NY 11552


JOE, SAMANTHA
P.O. BOX 1534
PAGE, AZ 86040


JOHN CHAN PLUMBING, INC.
P.O. BOX 1045
UKIAH, CA 95482


JOHNSON'S CUSTOM LANDSCAPING INC.
591 RIVERSIDE DRIVE
UKIAH, CA 95482

LAKE POWELL CARPET CARE
916 VISTA AVENUE
PAGE, AZ 86040


LAKE POWELL REFRIGERATION INC.
P.O. BOX 2928
PAGE, AZ 86040


LANTRX INC.
7954 COLDWATER CANYON
NORTH  HOLLYWOOD, CA 91605


LEN'S APPLIANCE SERVICE
162 RIDGECREST DRIVE
NAPA, CA 94558


LINCOLN TECH CENTER
1759 GINGERSNAP LANE
LINCOLN, CA 95648


LOPEZ, REINA
1318 VALLEJO ST
SANTA ROSA, CA 95404


MATHEWS, KLUCK, WALSH,
WYKLE & LATT, LLP
100 M STREET
EUREKA, CA 95501


MECHANICS BANK
P.O. BOX 6010
SANTA MARLA, CA 93456-6010


MENDENHALL LAUNDRY EQUIPMENT
880 WEST 100 NORTH
NORTH SALT LAKE CITY, UT 84054


MEJIA, SUSANA
4344 GOODSON WAY
ROHNERT PARK, CA 94928


MERCHANT SERVICES
P.O. BOX 6010
HAGERSTOWN, MD 21741-6010

MERODIO, CHRISTINA A.
2705 RANGE AVE #204
SANTA ROSA, CA 95403


MONTGOMERY, DEAN
P.O BOX 2900
PAGE, AZ 86040


MONTGOMERY, MELODY
P.O. BOX 2900
PAGE, AZ 86040


MORGAN'S TREE SERVICE
716 MARICOPA DR.
PRESCOTT, AZ 86303


NATIONAL HOSPITALITY SUPPLY
10660 N. EXECUTIVE CT
MEQUON, WI 53092


NANES, IRENE
325 N MCDOWELL BLVD.
PETALUMA, CA 95952


OFFICE DEPOT
P.O. BOX 1413
CHARLOTTE, NC 28201-1413


OGBAT, SIMON A.
2600 BELLEVUE RANCH
SANTA ROSA, CA 95407


PACIFIC PREMIER BANK
P.O. BOX 7068
PASADENA, CA 91109-7068


PAGE FAST GLASS
P.O. BOX 695
PAGE AZ 86040


PAGE PEST CONTROL
P.O. BOX 3642
PAGE, AZ 86040

PAGE UTILITY ENTERPRISES
640 HAUL RD.
PAGE, AZ 86040


PEPSI VENDING
11016 E. MONTGOMERY DR. STE 100
SPOKANE VALLEY WA 99206


PEREZ GAONA, NUELIA
7450 CRISTOBAL WAY
ROHNERT PARK, CA 94928


PETALUMA POOL SERVICE
300 STONY POINT RD, SPACE 411
PETALUMA, CA 94952


PG&E
P.O. BOX 997300
SACRAMENTO, CA 95899-7300


PJM LANDSCAPE
3569 BROOKS AVE
SANTA ROSA, CA 95407


POPPY BANK
P.O. BOX 14871
SAN FRANSCISCO, CA 95402


PRISMA GRAPHIC CORP.
P.O. BOX 53047
PHOENIX, AZ 85072-3047


RABOBANK, N.A.
GOVERNMENT LENDING
1360 E. LASSEN AVE
CHICO, CA  95973


RAMOS, GABRIELA
7323 COLLEGE VIEW
ROHNERT PARK, CA 94928


READY REFRESH
P.O. BOX 856192
LOUISVILLE, KY 40285-6158

RECOLOGY SONOMA MARIN
P.O. BOX 51216
LOS ANGELES, CA 90051


REDD'S ACE HARDWARE
82 S MAIN ST.
BLANDING, UT 84511


REDSHIRT, TYRONE
P.O. BOX 1902
KAIBETO, AZ 86053


REED, RALPHELITA
P.O. BOX 3704
KAYENTA, AZ 86033


REINHART, CHARLES
45 TAMAL VISTA BLVD
CORTE MADERA, CA 94925


REYFF ELECTRIC
P.O. BOX 1196
ROHNERT PARK, CA 94928


REPUBLIC SERVICES
P.O. BOX 78829
PHOENIX, AZ 85062-8829


S & K INNS OF AMERICA
1080 NE LAUREL ST
NEWPORT, OR 97365


SADDLEBACK LIGHTING
1425 RED LEDGE RD, #101
WASHINGTON, UT 84780


SANTA ROSA FIRE EQUIPMENT
P.O. BOX 7070
SANTA ROSA, CA 95407


SCENT AIR TECHNOLOGIES
3810 SHUTTERFLY RD STE 900
CHARLOTTE, NC 28217-3071

SHORT, HYRUM
505 GEORGE ROGERS CLARK
BIG WATER, UT 84741


SHRUM, STACEY L.
5317 GOLD DR.
SANTA ROSA, CA 95409


SLENDER AND SONS
2036 N GILBERT RD, STE 2-117
MESA, AZ 85203


SMART HOSPITALITY LLC
1568 N WOODROW AVE
FRESNO, CA 93703


SONOMA COUNTY DEPT. OF
HEALTH
625 5TH STREET
SANTA ROSA, CA 95404


SONOMA COUNTY TAX
COLLECTOR
585 FISCAL DRIVE
SANTA ROSA, CA 95403


SPRINGBOARD HOSPITALITY
OLS HOTELS & RESORTS
16000 VENTURA BLVD, STE 1010
ENCINO, CA 91436


SYSCO SAN FRANCISCO
P.O. BOX 5019
FREMONT, CA 94537


TAHY, SHELBY
P.O. BOX 1297
PAGE, AZ 86040


TECHNOLOGY AT WORK
P.O. BOX 255705
SACRAMENTO, CA 95865


THE HARTFORD

P.O. BOX 783690
PHILADELPHIA, PA 19178-3690


THE HOME DEPOT
P.O. BOX 742440
LOS ANGELES, CA 9007-2440


THYSSENKRUPP ELEVATOR
P.O. BOX 3796
CAROL STREAM, IL 60132-3796


UKIAH VALLEY SANITIATION
DISTRICT
151 LAWS AVENUE
UKIAH, CA 95482


US FOODS INC.
P.O. BOX 52531
PHOENIX, AZ 85072-2531


US FOODS INC.
P.O. BOX 394766
SAN FRANCISCO, CA 94139-4766


VALLEY VUE COATINGS LLC
17682 HIGHWAY 136
SANFORD, CO 81151


WCF MUTUAL INSURANCE
P.O. BOX 26488
SALT LAKE CITY, UT 84126-0488


WESTERN HOTEL SUPPLY
P.O. BOX 1555
ABERDEEN, SD 57402-1555


WITHEROW, LEONARD
951 GLORIA DR
SANTA ROSA, CA 95407


WYATT, WHITCHURCH &
ANDERSON, INC.
804 12TH ST.
FORTUNA, CA 95540

ZEKARIAS, MESGUN
727 YUBA DR
SANTA ROSA, CA 95407